IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| PEOPLE OF GUAM, | ) | **Criminal Case No. CF0423-22** |
| | ) | GPD Report No. 22-16259 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **DECISION AND ORDER** |
| | ) | **GRANTING REVOCATION OF** |
| ST ATEN | ) | **PROBATION** |
| (*aka* KIN2 ATEN), | ) | |
| DOB: 06/05/1993 | ) | |
| | ) | |
| Defendant. | ) | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on November 9, 2023 for a Revocation Hearing in the above captioned matter related to ST Aten's (*aka* Kin2 Aten's) ("Defendant's") failure to abide by his probationary terms. Defendant was represented by Assistant Public Defender Jocelyn Roden. The People of Guam were represented by Assistant Attorney General Gloria Rudolph. Having duly considered the Parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order Granting Revocation of Probation.

## BACKGROUND

On November 30, 2022 Defendant pled guilty to Assault (as a Misdemeanor). See Judgment of Conviction (Dec. 19, 2022). A judgment was entered imposing the following relevant conditions of probation:

- **MANDATORY REPORTING:** Defendant shall report to the Adult Probation Office once a month in person, or as ordered by the Court or the Probation Office.

- **COUNSELING/TREATMENT:** Defendant shall report to Client Services and Family Counseling (CSFC) with the Superior Court of Guam for intake and assessment. Defendant shall follow all treatment recommendations including psychological evaluation, psychiatric evaluation, drug and alcohol evaluation, and individual, group, and family counseling. If treatment requires attendance at Guam Behavioral Health and Wellness Center (GBHWC) programs, Defendant shall go to GBHWC for assessment.

- **FINE:** Defendant shall pay a **fine** of **one thousand dollars ($1,000.00)** plus **court costs** of **eighty dollars ($80.00)**. All or part of the fine imposed may be converted to community service at the current prevailing minimum wage.

- **COMMUNITY SERVICE:** Defendant shall complete **one hundred (100) hours** of **community service** under the direction of the Adult Probation Office. All or part of the community service imposed may be converted into a fine at the current prevailing minimum wage.

Id.

On March 21, 2023, a Violation Report was filed revealing that Defendant violated several conditions of his probation. See First Violation Report (Mar. 21, 2023). It was revealed that Defendant hadn't reported to the Adult Probation Office for several months, that he never attended his initial intake assessment with CSFC, and that he made no progress in paying off his fine/court costs or working off his community service hours. Id.

On September 21, 2023, the People filed their Motion to Revoke Probation and Impose Jail Sentence ("Motion"). The People argued revocation is appropriate given Defendant's

numerous violations. See Motion (Sep. 21, 2023). Defendant opposes, claiming he can comply with his probation requirements if given another chance. See Opposition (Sep. 20, 2023).

## DISCUSSION

Guam law specifies the procedures that the Court must follow for revocation of probation. The relevant statute, in its entirety, states as follows:

> [T]he court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public.

See 9 G.C.A. § 80.66(a)(2) (1980).

The process for revoking an offender's probation has been further explained by the Guam Supreme Court as follows:

> Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of probation actually has occurred. If a violation is proven, then the Court must determine if the violation warrants revocation of the probation.

See *People of Guam v. Camacho*, 2009 Guam 6 ¶ 27 (internal citations omitted). To revoke a defendant's probation, evidence and facts presented to the Court must be "reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." Id. at ¶ 30 (*citing People v. Angoco*, 1998 Guam 10).

The Court also cannot order revocation unless the offender is provided with written notice of grounds for revocation of probation. See 9 G.C.A. § 80.68(a) (1980). At the hearing, the offender shall "have the right to hear and controvert the evidence against him, to offer evidence in his defense and to be represented by counsel." Id. Should the Court revoke an offender's

probation, "it may impose on the offender any sentence that might have been imposed originally for the crime of which he was convicted." See 9 G.C.A. § 80.66(b).

It remains undisputed that Defendant was in violation of his probation conditions and that there was probable cause to support the violations. The Defendant violated multiple terms of his probation by failing to report to the Adult Probation Office, failing to attend his CSFC treatment sessions, failing to pay off his fine, and failing to work off his community service hours.

Having found that Defendant was in violation of his probation requirements, the next question the Court must resolve is whether "revocation under all the circumstances . . . will best satisfy the ends of justice and the best interests of the public." See 9 G.C.A. § 80.66(a)(2).

Based on a review of the record, it is clear that Defendant has exhausted the trust of the Court by continuously violating numerous conditions of his probation. Since entering probation, Defendant has made no progress in paying off a single dollar of his fine or completing a single community service hour. Defendant also never went to CSFC for his initial intake session, let alone subsequent treatment sessions. This behavior suggests Defendant never intended to follow his probation requirements, as he has no progress to show for himself. Were probation continued, it appears unlikely that any significant progress would be made in positively altering Defendant's behavior and ensuring compliance with the Court's orders. Therefore the court finds that revocation is in the public's best interest and satisfies the ends of justice. See 9 GCA 80.66(a)(2).

## CONCLUSION

For the reasons stated above, the Court hereby **REVOKES** ST Aten's (*aka* Kin2 Aten's) probation in the above-captioned matter. The Defendant is hereby **SENTENCED** to **one (1) year incarceration** at the Department of Corrections, Mangilao, with credit for time served. This

sentence shall run consecutive to any other period of incarceration Defendant may serve. After the completion of the Defendant's sentence the Court shall close this case.

**IT IS SO ORDERED** on this ___Jan. 22, 2024___.

**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**